UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-01349-SSS-AYP | Date | March 27, 2026 |
|---|---|---|---|
| Title | *Rogelio Fraga-Herrejon v. Todd Lyons et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 3]**

Before the Court is Petitioner Rogelio Fraga-Herrejon's Ex Parte Application for a Temporary Restraining Order.  [Dkt. No. 3, "Application" or "App."].  Respondents filed a Response on March 25, 2026, indicating their non-opposition to Petitioner's Application.  [Dkt. No. 10].  Petitioner filed a Reply on the same day.  [Dkt. No. 11].  Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** the Application for a Temporary Restraining Order.  [Dkt. No. 3].

## I.    BACKGROUND

Petitioner Rogelio Fraga-Herrejon is a 48-year-old citizen of Mexico who has resided in the United States since approximately 2001.  [App. at 7].  He has lived in Pomona, California for over 17 years with his spouse and four U.S. citizen children.  [*Id.* at 8].  Petitioner has maintained steady employment for over a decade and has no significant criminal history apart from a single misdemeanor DUI conviction in 2006.  [*Id.* at 9].

On January 19, 2026, Petitioner was arrested during an interior immigration

enforcement operation and has remained detained since that time.  [*Id.* at 7–8].  On March 2, 2026, an Immigration Judge ("IJ") denied Petitioner's request for release on bond, stating that Petitioner "failed to meet his burden to establish that he is not a flight risk."  [*Id.* at 8].  Petitioner's next hearing in his removal proceedings is scheduled for April 28, 2026, at 8:30 a.m. before the same IJ who denied his bond request.  [*Id.*].  Petitioner remains in custody at the Adelanto Detention Facility pending these proceedings.  [*Id.*].

Petitioner argues that the bond hearing violated due process because the IJ applied an incorrect legal standard by relying on the perceived merits of Petitioner's underlying immigration relief instead of conducting an individualized assessment of flight risk and danger to the community.  [*Id.* at 12–16].

## II.    LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  Under the sliding scale approach, a petitioner is entitled to a TRO if he has raised "serious questions going to the merits . . . and the balance of hardships tips sharply in [his] favor."  *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

CIVIL MINUTES—GENERAL                  Initials of Deputy Clerk iv

## III.    DISCUSSION

First, the Court finds that Petitioner has made a sufficient showing of likelihood of success on the merits.  The record indicates that the IJ failed to apply the correct legal framework governing bond determinations and instead denied bond without meaningful consideration of the factors under *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006), including Petitioner's extensive family ties, long-term residence, steady employment, and minimal criminal history.  [App. at 14–15].  Respondents do not dispute this.  [*See* Opp.].  As alleged, the IJ improperly conflated the merits of Petitioner's pending Cancellation of Removal application with the custody determination.  [*See id.* at 13–14].

Although an IJ may accord different weight to particular factors, the ultimate determination must be reasonable and grounded in the record.  *See Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017) (quoting *Guerra*, 24 I. & N. Dec. at 40).  A final order of removal may be considered as part of the flight-risk analysis, but it cannot alone constitute clear and convincing evidence justifying continued detention.  *Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011), *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).  Rather, due process requires an assessment of whether detention is necessary to serve a legitimate interest of ensuring appearance or protecting the community, based on the totality of the circumstances.  *See, e.g.*, *Gianello v. Holder*, No. 11-CV-0180-LAB (JMA), 2014 WL 1255884, at *2–3 (S.D. Cal. Mar. 23, 2014) (finding standard satisfied where multiple *Guerra* factors demonstrated flight risk).  As such, Petitioner has shown a likelihood of success in his claim that his bond hearing was constitutionally deficient.

Next, Petitioner currently suffers irreparable harm because he has likely been detained in violation of his constitutional rights.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  This factor thus favors Petitioner.

Finally, the balance of the hardships and public interest factors tip strongly in Petitioner's favor because he will suffer great hardship if this Court were to deny temporary injunctive relief.  *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (requiring the balance of hardships to "tip sharply" in the moving party's favor).  In the absence of injunctive relief, Petitioner is experiencing and will continue to experience detention that resulted from a deprivation of his due process rights, and "the public has a strong interest in

CIVIL MINUTES—GENERAL    Initials of Deputy Clerk <u>iv</u>

upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020). The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

## IV.   CONCLUSION

In light of Respondents' non-opposition and the reasons described above, the Court **GRANTS** Petitioner's Application for a TRO. [Dkt. No. 3]. The Court **ORDERS** Respondents to immediately release Petitioner from their custody.

Respondents are **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms. *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1037–38 (N.D. Cal. July 24, 2025). Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.

Respondents are **ORDERED** to file a status report certifying compliance with the above order of release within three (3) days from the date of this Order. The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED.**

CIVIL MINUTES— GENERAL   Initials of Deputy Clerk <u>iv</u>